UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL MAYFIELD,

    Plaintiff,

v.

DETROIT PUBLIC SCHOOLS,

    Defendant.
                                  /

Case No. 10-10904

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT [8]**

This matter has come before the Court on Defendant's motion to set aside the Clerk's entry of Default [8]. The Court finds that the facts and legal arguments are adequately presented in the motion and briefs and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L. R. 7.1(f)(2), it is hereby ORDERED that the motion shall be resolved as submitted. Defendant's motion is GRANTED, and Plaintiff's request for costs and fees is DENIED.

**I.    Facts**

Plaintiff Paul Mayfield is employed by Defendant Detroit Public Schools as a middle school teacher at Nolan Middle School in the City of Detroit. Plaintiff developed an ophthalmologic condition, known as retinitis pigmentosa, which has caused him to become legally blind. (Pl.'s Resp. at 5). Plaintiff requested accommodations to enable him to perform his job duties, including provision of a teacher's aid, voice recognition computer software, and first-floor classroom placement (Pl.'s Compl. ¶ 16). Defendant continuously

refused Plaintiff's request for a teacher's aid, and Plaintiff has alleged this violates the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101, *et seq.*, and seeks an injunctive order compelling Defendant to provide the requested accommodations to Plaintiff in addition to monetary damages, attorney fees, and costs. (Pl.'s Resp. at 5).

Plaintiff filed this action on March 7, 2010 (Pl.'s Compl.). Defendant was served on March 19, 2010 (Pl.'s Req. ¶ 2). Defendant's counsel claims to have first received the summons and complaint in his in-box on April 14, 2010, and on that same date he contacted Plaintiff's counsel seeking an extension of time to file Defendant's answer (Def.'s Mot. ¶ 2). In the absence of Plaintiff's stipulation to further extend the time to file an answer, Defendant's answer was filed on April 14, 2010. It alleged the following affirmative defenses:

> 1. Plaintiff failed to comply with statutory notice requirements.
> 2. Defendant is immune based on statutory governmental immunity.
> 3. The allegations, in whole, or in part, fail to state a claim on which relief can be granted.
> 4. Plaintiff has failed to mitigate his damages.
> 5. Plaintiff's claims are barred by the statute of limitations.
> 6. Plaintiff failed to exhaust all administrative remedies.
> 7. Plaintiff's injuries were pre-existing.
> 8. Plaintiff received damages from a collateral source.
> 9. If Plaintiff suffered any injury, said injury was not proximately caused by any actionable, wrongful and/or illegal conduct of Defendant.
> 10. The Complaint is barred by laches, waiver and/or estoppel.
> 11. Any employment decisions were for legitimate business reasons.
> 12. Plaintiff is not a member of a protected class, or otherwise has no standing.
> 13. Defendant has failed to state any constitutional violation against Defendant Detroit Public Schools.
> 14. Any employment decision may have been based on job related criteria and consistent with business necessity. 42 U.S.C. § 12113 (a).

     15. Any employment decision may have been based on criterion established to eliminate a direct threat to health and safety of persons in the workplace. 42 U.S.C. § 12113 (b).
     16. Any employment decision may have been made to give employment preference to individuals on a religious basis. 42 U.S.C. § 12113 (c).

(Def.'s Answer, Affirmative Defenses ¶¶ 1-16).

On April 14, 2010, despite Defendant's request for more time to file an answer, Plaintiff filed a Request for Entry of Default [4] against Defendant, and the Clerk entered a Default [5] that same day.

## II. Standard Of Review

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default . . . ." In making the determination of good cause under Rule 55(c), a court must consider three factors:

     1. Whether the plaintiff will be prejudiced;
     2. Whether the defendant has a meritorious defense; and
     3. Whether culpable conduct of the defendant led to the default.

*United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-845 (6th Cir.1989).

The decision whether to set aside an entry of default is discretionary. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir.1986). That said, federal courts strongly favor trials on the merits. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir.1990). Additionally, the Sixth Circuit has applied a "somewhat more lenient standard" to "Rule 55(c) motions where there has only been an entry of default, than to Rule 60(b) motions where judgment has been entered." *Shepard Claims Serv.*, 796 F.2d at 193. Even in Rule 60(b) cases where a more stringent standard applies, the Sixth Circuit has stated that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that

3

cases may be decided on their merits." *United Coin Meter*, 705 F.2d at 846 (internal citations omitted).

## III. Analysis

### A. Motion To Set Aside Clerk's Entry of Default

The Clerk's entry of default was entered against Defendant on April 14, 2010, but a default judgment has not been entered. The court may set aside an entry of default under Rule 55(c), for "good cause" shown. Here, Defendant argues that it is able to establish good cause by showing that (1) Plaintiff will not be prejudiced if default is set aside, (2) it has a meritorious defense, and (3) its failure to timely file an answer was not the result of culpable conduct. Plaintiff argues to the contrary. This Court agrees with Defendant.

#### 1. Defendant Has Asserted A Meritorious Defense

A defendant must state "a defense good at law" in order to establish a meritorious defense. *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398-99 (6th Cir.1987). The asserted meritorious defense is sufficient so long as it contains "'even a hint of a suggestion' which, [if] proven at trial, would constitute a complete defense." *Id*. Further, a defendant need not demonstrate a likelihood of success on the merits. *Berthelsen*, 907 F.2d. at 621-22. Finally, all ambiguous or disputed facts must be resolved in the light most favorable to the defendant. *INVST Fin. Group*, 815 F.2d at 398.

Defendant's answer asserts 16 affirmative defenses, including allegations that Plaintiff failed to comply with statutory requirements, received damages from collateral sources, was not subject to unlawful employment decisions, and that Defendant is immune based on statutory governmental immunity (Def.'s Answer at 8). These defenses, if proven at trial, would constitute a complete defense, and thus satisfy the requirements for a meritorious

4

defense.

## 2. Plaintiff Has Not Shown Prejudice

Plaintiff argues that the absence of a meritorious defense along with the cost of bringing and prosecuting a lawsuit under that circumstance is sufficiently prejudicial to Plaintiff to warrant the denial of a motion to set aside a default. *See In re Newlin*, 416 B.R. 911, 916 (Bankr. M.D. Ga. 2009). Because Defendant has presented a sufficiently meritorious defense, Plaintiff's argument fails. Delay, especially one constituting only five days[1], is insufficient to establish prejudice. *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir.1996). This minimal delay has not unduly prejudiced Plaintiff in this action. *See NIC Ins. Co. v. Simon Galasso & Frantz, PLC*, No. 06-14036, 2007 WL 627879 *3 (E.D. Mich. Feb. 26, 2007) (observing that the "plaintiff must point to something more than mere delay to establish prejudice").

## 3. Defendant's Conduct Was Not Culpable

> A court must consider all three factors when ruling on a motion to set aside entry of default. That said, when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a willful failure of the moving party to appear and plead. In other words, when a defendant has established that the first two factors weigh in its favor, the defendant's conduct must be particularly culpable in order to outweigh those two factors and tip the balance toward denial of relief. Thus, the Sixth Circuit has held that a defendant's conduct will be treated as culpable only if the defendant displays either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.

*Id.* at *3 (internal quotation marks and citations omitted). There is no evidence here that

---

[1] Plaintiff continually states that Defendant's Answer and Plaintiff's Request for Entry of Default were filed 16 days after the deadline for Defendant's Answer to be filed. Plaintiff incorrectly calculates the time period from the date the Complaint was filed, March 7, not the date Defendant was served, March 19. In fact, Defendant's Answer and Plaintiff's Request for Entry of Default were filed only five days after the deadline.

5

Defendant displayed either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.

Plaintiff argues that Defendant's failure to timely file an answer and Defendant's failure to respond to his April 14, 2010 email inquiry about meritorious defenses constitutes culpable conduct (Pl.'s Resp. at 8). The law supports a contrary conclusion. The Sixth Circuit has observed that more than mere neglect or oversight is required for a finding of culpable conduct:

> When the issue is one of whether to set aside an entry of default so that the "good cause" standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable.

*Shepard Claims Service,* 796 F.2d at 194. Absent evidence demonstrating willful misconduct, Defendant's untimely Answer does not establish culpable conduct justifying a refusal to set aside the Clerk's entry of default.

### 4. Conclusion

Defendant has satisfied the good cause standard required to set aside the default. Defendant has asserted a meritorious defense, Plaintiff will not be prejudiced if the default is set aside, and Defendant's conduct does not meet the standard for culpable behavior. Further, Defendant would be deprived of the opportunity to have its case considered on the merits. Accordingly, Defendant's motion to set aside the Clerk's entry of default is GRANTED.

### B. Plaintiff's Request For Attorney Fees And Costs

Plaintiff argues in the alternative that the Court should condition its grant of Defendant's motion upon Defendant's payment of $2,460 in costs and attorney fees to

Plaintiff (Pl.'s Resp. at 9). As support, Plaintiff cites *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988) and *Winslow v. Kalamazoo Public Schools*, No. 1:07-CV–65, 2007 WL 1701796 (W.D. Mich. June 11, 2007). Plaintiff's reliance on these decisions is misplaced. Both can be easily distinguished from the facts presented here.

In *Winslow*, the court found an award of attorney fees was warranted because it was shown that the defendants did not have an established process for handling a response to a lawsuit. *Winslow*, 2007 WL 1701796 at *2. Plaintiff has not argued nor shown a similar absence here that would warrant an award of attorney fees.

*Louisiana Hydrolec* is also distinguishable. There, the Ninth Circuit found it appropriate for the district court to condition setting aside a default upon the payment of attorney fees incurred as a result of the defendants' repeated failure to timely respond to discovery requests and repeated failure to follow federal and local rules. Here, there is no pattern of untimeliness that would warrant an award of $2,460 in costs and attorney fees. Rather, Defendant was not served until March 19, 2010, and Defendant's answer was not due until Friday, April 9, 2010, 21 days later. On Wednesday April 14, 2010, once defense counsel was aware of the summons and complaint, he immediately called Plaintiff's counsel, left a voice message seeking more time to file an answer, and then drafted and filed an answer that same day (Def.'s Mot. at ¶ 3). Once Plaintiff's counsel received the voice message asking for an extension, he responded via email asking why the complaint was not timely answered and asking Defendant to identify its meritorious defenses (Pl.'s Resp. at 6). That same day, Plaintiff's counsel filed a request for entry of default, and the Clerk entered a default. Unlike the facts present in *Louisiana Hydrolec*, there is no evidence here of a

7

repeated failure to timely respond. Accordingly, Plaintiff's request for fees and costs is DENIED.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to set aside clerk's entry of default is hereby GRANTED, and Plaintiff's request for fees and costs is DENIED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: July 27, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2010, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager