UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PAUL MAYFIELD,

      Plaintiff,

v.

DETROIT PUBLIC SCHOOLS,

      Defendant.

                                  /

Case No. 10-10904

Honorable Nancy G. Edmunds


**ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[33] AND CANCELLING HEARING SCHEDULED FOR JANUARY 25, 2012**


Defendant's motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies is DENIED AS MOOT. Defendant concedes in his Reply that, based on additional research on the issue of exhaustion, the motion is incorrect on the law. The hearing on Defendant's motion scheduled for January 25, 2012 is therefore CANCELLED. Moreover, considering the facts highlighted in Defendant's Reply, this Court denies Plaintiff's request in his Response for sanctions under 28 U.S.C. § 1927 or its inherent power.

As to Plaintiff's request for sanctions under 28 U.S.C. § 1927, that statute provides that:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. An award of sanctions under § 1927 is discretionary. *Holmes v. City*

*of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996). In the Sixth Circuit, § 1927 sanctions are warranted when "an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id.* at 1049 (internal quotation marks and citation omitted). "[T]he attorney's misconduct, while not required to have been carried out in bad faith, must amount to more than simple inadvertence or negligence that has frustrated the trial judge." *Id.*

Defense counsel explains that Plaintiff's denial at his deposition that he had any knowledge of submitting a written request for withdrawal of his charge of discrimination then pending before the Michigan Department of Civil Rights (Def.'s Reply, Ex. 1, Pl.'s Dep. at 89-92, 97), and Plaintiff's failure to provide his withdrawal request along with the Order of Dismissal of his discrimination charge in discovery led Defense counsel to believe that there was potentially a basis for summary judgment for failure to exhaust. He contacted Janet Dillard, an employee with the Michigan Department of Civil Rights, and she sent Defense counsel a copy of Plaintiff's withdrawal request on October 18, 2011. Defendant filed his motion for summary judgment on November 1, 2011, after obtaining this Court's leave to file it outside the cut-off date for dispositive motions. Defense counsel explains in his Reply that, upon additional research triggered by Plaintiff's Response, he discovered that his motion was not correct on the law under the facts Plaintiff failed to reveal in his deposition or in discovery. Under these facts, the Court will not exercise its discretion and award sanctions under § 1927.

The Court also denies Plaintiff's request that it exercise its inherent power to sanction Defendant because it is not persuaded that Defendant acted in bad faith. *See Youn v.*

*Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003).  There is no evidence that Defendant's

motive for filing its motion was for an improper purpose.  *Id.* at 313.  As the Sixth Circuit

recently observed, "the mere fact that an action is without merit does not amount to bad

faith."  *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 753 (6th Cir. 2010) (internal

quotation marks and citation omitted).  The Court further clarified that, "[b]y this, we mean

that in order for a court to find bad faith sufficient for imposing sanctions under its inherent

powers, the court must find *something more* than that a party knowingly pursued a

meritless claim or action at any stage of the proceedings."  *Id.* (emphasis in original).

For the foregoing reasons, Defendant's motion for summary judgment is DENIED AS

MOOT, and Plaintiff's request in his Response for sanctions under 28 U.S.C. § 1927 or its

inherent powers is denied.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 18, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record
on January 18, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager